UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:25-cv-00139

**Steven Edison,**
*Plaintiff,*

v.

**Sergeant Michael Kiasser et al.,**
*Defendants.*

# ORDER

Plaintiff, a prisoner of the Texas Department of Criminal Justice proceeding pro se, filed this action under 42 U.S.C. § 1983. Doc. 1. The case was referred to a magistrate judge. Plaintiff sought leave to proceed in forma pauperis, Doc. 2, which the magistrate judge granted. Doc. 3. However, the magistrate judge later issued a report recommending that plaintiff's in forma pauperis status be revoked and that the complaint be dismissed without prejudice. Doc. 9 at 3. While plaintiff did not file formal objections to the report, he filed an appeal of the magistrate judge's denial of his motion for an extension of time to pay the filing fee. *See* Docs. 12, 13. The court will consider this filing as an objection to the report.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The magistrate judge recommended dismissal because plaintiff did not pay the filing fee and is barred by 28 U.S.C. § 1915(g) from proceeding in forma pauperis. Doc. 9 at 1–3. Plaintiff asserts that he was unaware that the dismissal of a prior lawsuit for failure to exhaust administrative remedies counted as a strike for purposes of § 1915(g). Doc. 18 at 1. Furthermore, plaintiff continues to argue that this case should be left open until he earns the money to pay the filing fee after his release from prison sometime between March 2026 and January 2027. *Id.* at 2.

- 1 -

Plaintiff's objections are meritless. Under 28 U.S.C. § 1915(g), a prisoner may not bring a civil action without paying the filing fee if the prisoner, while incarcerated, has filed three or more actions in federal court that were dismissed for frivolity, maliciousness, or for failure to state a claim upon which relief can be granted. Furthermore, a dismissal for failure to exhaust administrative remedies counts as a strike for purposes of § 1915(g). *See Emmett v. Ebner*, 423 F. App'x 492, 493–94 (5th Cir. 2011) (per curiam) (unpublished).

Here, the dismissals of plaintiff's previous lawsuits establish that he is subject to the bar imposed by § 1915(g). *Edison v. Anderson Cnty.*, No. 6:21-cv-00050 (E.D. Tex. Jan. 28, 2022) (dismissing for failure to exhaust administrative remedies); *Edison v. Anderson Cnty. Sheriff's Off.*, No. 6:22-cv-00024 (E.D. Tex. Mar. 30, 2022) (dismissing for failure to state a claim); *Edison v. Smith Cnty.*, No. 6:23-cv-00512 (E.D. Tex. Mar. 20, 2024) (dismissing for failure to state a claim). The fact that plaintiff was unaware that his pauper status would be barred by § 1915(g) does not change this analysis.

Plaintiff is not entitled to an extension of time to pay the filing fee. The lengthy delay plaintiff seeks is not authorized, required, or warranted by either § 1915(g) or the Federal Rules of Civil Procedure. Furthermore, plaintiff offers no statutes or cases to support this request and another Texas federal district court has denied a similar request. *See Halcy v. Hale Cnty. Comm'rs*, No. 5:23-cv-00177, 2023 WL 6194036 (N.D. Tex. Aug. 28, 2023).

Having reviewed the record de novo, the court overrules plaintiff's objections and accepts the magistrate judge's findings and recommendations. This case is dismissed with prejudice for purposes of proceeding in forma pauperis but without prejudice as to the refiling of the lawsuit with payment of the full filing fee.

*So ordered by the court on September 24, 2025.*

                        J. CAMPBELL BARKER
                        United States District Judge